IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    10 S. Howard Street, 3rd Floor<br>    Baltimore, MD  21201 | )<br>)<br>)<br>)<br>) | |
|          Plaintiff, | )<br>) | **COMPLAINT AND JURY TRIAL**<br>**DEMAND** |
| | )<br>) | |
|          v. | )<br>) | |
| AVALONA ENTERPRISES, INC.,<br>T/A LOAFERS LOUNGE<br>    6518 Baltimore National Pike<br>    Baltimore, MD 21228 | )<br>)<br>)<br>)<br>) | Civil Action No. |
|          Defendant. | )<br>) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide

appropriate relief to April Terzi ("Terzi").  As alleged with greater specificity below, the United

States Equal Employment Opportunity Commission ("the Commission") alleges that Defendant

Avalona Enterprises, Inc. ("Avalona" or "Defendant"), has engaged in sex discrimination by

terminating Terzi because of her pregnancy.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a company doing business in the State of Maryland, Baltimore County, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Terzi filed a charge with the Commission alleging violations of Title VII by Defendant.

7.      On June 11, 2015, the Commission issued to Defendant a Letter of Determination

finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8.     The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     On July 29, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

12.     On or around February 10, 2012, Terzi began working for Defendant as a server in its Catonsville, Maryland location.  Terzi successfully performed her job duties until her discharge in October 2014.

13.     In or around June 2014, Terzi disclosed to her manager that she was pregnant. Soon thereafter, Terzi's manager expressed concerns that her pregnancy could be a liability and told her that she would be unable to continue working past her seventh month of pregnancy because "if something happened, [Terzi] would sue."

14.     On or around October 9, 2014, during Terzi's seventh month of pregnancy, Defendant terminated her employment.

15.     The effect of the practices complained of above has been to deprive Terzi of equal employment opportunities and otherwise adversely affect her status as an employee

because of her sex.

16.    The unlawful employment practices complained of above were and are intentional.

17.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Terzi.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex, including discrimination on the basis of pregnancy.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.    Order Defendant to make whole Terzi by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D.    Order Defendant to make whole Terzi by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

4

E.     Order Defendant to make whole Terzi by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F.     Order Defendant to pay Terzi punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

CHIOMA CHUKWU
Trial Attorney

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2730 (phone)
(410) 209-2221 (fax)
Chioma.Chukwu@eeoc.gov